IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| STATE OF UTAH,<br><br>    *Petitioner*,<br><br>  v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>    *Respondents*. | No. 23-1102 (and consolidated cases) |

**MOVANT-INTERVENORS' RESPONSE IN OPPOSITION TO THE UTAH AND OKLAHOMA PETITIONERS' MOTION TO GOVERN, RESPONSE TO EPA'S MOTION TO GOVERN, AND RESPONSE TO NEVADA'S MOTION TO GOVERN**

  Movant-Intervenors Sierra Club and Center for Biological Diversity oppose the Utah and Oklahoma Petitioners' request to continue to hold their challenges in abeyance pending decision on their petition for the extraordinary step of certiorari before judgment. Instead, this Court should consolidate the transferred cases, lead case nos. 24-1040 and 24-1043, with lead case no. 23-1102 and expedite consideration of the consolidated cases, as requested by EPA. Because expeditious relief is Movant-Intervenors' goal, Movant-Intervenors support EPA's unopposed request to sever and hold in abeyance Nevada Cement's challenge, case no. 23-1115, and take no position as to Nevada's challenge, case no. 23-1113. If the Court grants EPA's briefing schedule, Movant-Intervenors request that the Court also

include (1) a deadline of 7 days after EPA's response to Nevada for Movant-Intervenors to file a 6,370-word response to Nevada; and (2) a deadline of 14 days from EPA's refiled response and optional 2,600-word supplemental brief for Movant-Intervenors to refile their 10th Circuit amicus brief and an optional 1,820-word supplemental brief.

### I. The Utah and Oklahoma Petitioners' challenges should not be held in abeyance.

Movant-Intervenors oppose prolonging the abeyance because the abeyance harms them. Reductions in cross-state ozone pollution are urgently needed to protect public health and the environment. Ground-level ozone causes grave health harms, particularly for children, older people, and people with asthma or other lung diseases. Petitioners' pursuit of challenges in the wrong forum has already exacerbated and prolonged these harms, including for Movant-Intervenors' members, *see* Motion to Intervene at 9-12, Doc #1999302. Indeed, nearly a year has passed since Petitioners filed their challenges in this Court.

Petitioners received a stay of pieces of the rule at issue here, which results in delays in implementation of pollution reductions that would benefit Movant-Intervenors' members. Their motion to extend the abeyance here would allow them to transform short-term extraordinary relief into longer-term relief: they would keep the benefit of the stay pending appeal, while extending the pendency of the appeal. This Court should not permit that result.

2

Further delay here, particularly on the possibility of certiorari before judgment, is not warranted and would prejudice Movant-Intervenors' interest in prompt relief and resolution of this case. Certiorari before judgment is a rare step with a high bar. *See Coleman v. Paccar Inc.*, 424 U.S. 1301, 1304 n.* (1976) (Rehnquist, J., in chambers) ("the exercise of such power by the Court is an extremely rare occurrence"); *see also* Sup. Ct. Rule 11 ("will be granted only upon a showing that the case is of such imperative public importance as to justify deviation from normal appellate practice and to require immediate determination in this Court."). Even in a typical posture, the Supreme Court grants only a small fraction of petitions for certiorari.[1] It would be impractical and prejudicial to litigants to halt proceedings anytime a petitioner seeks certiorari before judgment. If the Supreme Court were to grant certiorari before judgment, this Court could revisit the question of whether to hold these proceedings in abeyance at that time.

**II.     The transferred cases should be consolidated with lead case no. 23-1102.**

While it is not clear what exactly the Utah and Oklahoma Petitioners seek regarding consolidation,[2] the proper course is consolidation of the transferred

---

[1] *See* Supreme Court of the United States, *The Supreme Court at Work*, https://www.supremecourt.gov/about/courtatwork.aspx (last visited Apr. 8, 2024).
[2] The Utah and Oklahoma Petitioners' statement that their "separate challenges should proceed on a state-specific basis," Doc. #2047570, is ambiguous. It is not clear whether they oppose consolidation of lead case nos. 24-1040 or 24-1043 with

3

cases, lead case nos. 24-1040 and 24-1043, with lead case no. 23-1102, as all are challenges to EPA's Disapproval Rule, 88 Fed. Reg. 9,336 (Feb. 13, 2023). *See* D.C. Handbook of Practice and Internal Procedures at 24 (as amended through March 16, 2021) ("the Court will generally consolidate … all petitions for review of agency orders entered in the same administrative proceeding"). The Utah and Oklahoma Petitioners offer no support for their claim that their challenges are unique. In fact, they overlap significantly with one another, and indeed with the challenges to the Disapproval Rule across the Fourth, Fifth, Sixth, Eighth, Ninth, and Eleventh Circuits. Both the Utah and Oklahoma Petitioners argue that EPA violated the Clean Air Act by failing to defer to states' plans and by purportedly disapproving their plans on the basis of policy preferences. *Compare* Utah's Final Opening Brief at 13-16, *Utah v. EPA*, No. 23-9509 (10th Cir. Oct. 24, 2023) *with* Oklahoma's Final Opening Brief at 3-8, *Oklahoma v. EPA*, No. 23-9514 (10th Cir. Nov. 8, 2023); *see, e.g.*, Texas's Brief at 21-28, *Texas v. EPA*, No. 23-60069 (5th Cir. May. 30, 2023). That is why, as amici in the Tenth Circuit, Movant-Intervenors filed the same response brief in both cases. Amicus Brief, *Utah v. EPA*, No. 23-9509 (10th Cir. Sept. 18, 2023); Amicus Brief, *Oklahoma v. EPA*, No. 23-9514 (10th Cir. Sept. 18, 2023).

---

23-1102, or whether they move for lead case no. 23-1102 to be severed into three sets of challenges—one each as to Utah, Oklahoma, and Nevada.

### III. The Court should include deadlines for Movant-Intervenors' briefs in its briefing schedule.

If this Court grants EPA's briefing schedule, Movant-Intervenors request that the Court also include (1) a deadline of 7 days after EPA's response to Nevada for Movant-Intervenors to file a 6,370-word response to Nevada; and (2) a deadline of 14 days from EPA's refiled response and optional 2,600-word supplemental brief for Movant-Intervenors to refile their 10th Circuit amicus brief and an optional 1,820-word supplemental brief. These additions need not alter the remaining deadlines. With these additions, the schedule would be as follows:

| BRIEF | LENGTH/FORMAT | DEADLINE |
| --- | --- | --- |
| Any responses from UT, OK, and OKDEQ to Movant-Intervenors' Motion to Intervene | 5,200 words | 10 days after Court order on motion to govern |
| Any replies to responses to Movant-Intervenors Motion to Intervene | 2,600 words | 7 days after deadline for responses |
| Nevada Page-Proof Opening Brief | One 9,100-word brief | 30 days after Court order on motions to govern |
| 10th Circuit Petitioners' Briefs | Refiled from 10th Circuit + one optional 2,600-word supplemental brief | 30 days after Court order on motions to govern |
| EPA Response Brief (10th Circuit) | Refiled from 10th Circuit + one optional 2,600-word supplemental brief | 30 days after deadline for opening briefs |
| EPA Page-Proof Response Brief (Nevada) | One 9,100-word response brief | 30 days after deadline for opening briefs |

| BRIEF | LENGTH/FORMAT | DEADLINE |
| --- | --- | --- |
| Movant-Intervenors' Brief (Nevada) | One 6,370-word response brief | 7 days after deadline for EPA's Proof Response Brief (Nevada) |
| Movant-Intervenors' Brief (10th Circuit) | Refiled amicus brief + one optional 1,820-word supplemental brief | 14 days after deadline for EPA's Response Brief (10th Circuit) |
| Nevada Final Form Reply Brief | 2,600 words | 14 days after deadline for response brief |
| Joint Deferred Appendix (Nevada) | | 14 days after deadline for response brief (simultaneous with reply brief) |
| Final Form Opening and Response Briefs (Nevada) | | 7 days after deadline for joint deferred appendix |

Movant-Intervenors take no position as to whether this Court should hold the Nevada petition in abeyance pending a final decision by the Ninth Circuit. However, if the Court severs and keeps in abeyance both the Nevada and Nevada Cement petitions, a simpler briefing schedule for the Utah and Oklahoma petitions could accommodate Movant-Intervenors' filings as follows:

| BRIEF | LENGTH/FORMAT | DEADLINE |
| --- | --- | --- |
| Any responses from UT, OK, and OKDEQ to Movant-Intervenors' Motion to Intervene | 5,200 words | 10 days after Court order on motion to govern |
| Any replies to responses to Movant-Intervenors Motion to Intervene | 2,600 words | 7 days after deadline for responses |

6

| BRIEF | LENGTH/FORMAT | DEADLINE |
|---|---|---|
| 10th Circuit Briefs (Petitioners, EPA, and Movant-Intervenors) | Refiled brief from 10th Circuit + one optional 2,600-word supplemental brief (1,820 for movant-intervenors) | 30 days after Court order on motions to govern |

Dated:   April 8, 2024                Respectfully submitted,

*/s/ Zachary M. Fabish*
Zachary M. Fabish
Sierra Club
50 F Street NW, 8th Floor
Washington, DC 20001
650-388-8446
zachary.fabish@sierraclub.org

Joshua D. Smith
Sierra Club
2101 Webster Street, Suite 1300
Oakland, CA 94612
415-977-5560
joshua.smith@sierraclub.org

*Counsel for Sierra Club*

*/s/ Kathleen L. Riley*
Kathleen L. Riley
Neil Gormley
Seth L. Johnson
Earthjustice
1001 G Street NW, Suite 1000
Washington, DC 20001
202-745-5227
202-797-5239
202-797-5245
kriley@earthjustice.org
ngormley@earthjustice.org
sjohnson@earthjustice.org

*Counsel for Sierra Club and Center for Biological Diversity*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

I hereby certify that the foregoing response complies with Fed. R. App. P. 27(d)(1)(E) and (d)(2)(A) because it uses 14-point Times New Roman, a proportionally spaced font, and contains 1,270 words, as counted by counsel's word processing system.

Dated: April 8, 2024                    */s/ Kathleen L. Riley*